# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cv-02770-DDD-KAS

EAGLE SPRINGS ORGANIC LLC; and
ACOMPANY LLC,

    Plaintiffs,

v.

AES CLEAN ENERGY DEVELOPMENT, LLC,

    Defendant and Third-Party Plaintiff,

v.

MCKINSTRY ESSENION, LLC;
And METCALF EXCAVATION, INC.

    Third-Party Defendants.
_____/

**PLAINTIFFS' NOTICE OF INTENT TO SERVE FED. R. CIV. P. 45 SUBPOENA FOR PRODUCTION ON NON-PARTY, AES MAMM CREEK SOLAR, LLC**

Pursuant to Fed. R. Civ. P. 45, of Plaintiffs, EAGLE SPRINGS ORGANIC, LLC and ACOMPANY, LLC, by and through their undersigned Counsel, hereby serve upon counsel for Defendant and Third-Party Plaintiff, notice of their intent to serve <u>the attached Subpoena for Production of documents and electronically stored information</u> upon AES MAMMCREKK

SOLAR, LLC, a Delaware Limited Liability Company, by serving Corporation Service Company, Registered Agent 1900 W. Littleton Blvd., Littleton, CO 80120.

Dated September 17, 2025.

/S/ Craig A. Brand

**Craig A. Brand, Esq.**
Florida Bar No. 896111
The Brand Law Firm, P.A.
6462 S. Jamaica Circle
Englewood, Colorado 80111
Telephone: (305) 878-1477
E-mail: Craig@thebrandlawfirm.com
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2025, I electronically served the following counsel for via email:

D. Bryan Thomas, Esq.
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Email: dbthomas@bradley.com

J. Chirstopher Selman, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Email: cselman@bradley.com

Ivan A. Sarkissian, Esq. and David C. Taylor, Esq.

McConaughy & Sarkissian
4725 S. Monaco Street, Suite 200
Denver, CO 80237
Email: isarkissian@mslawpc.com and dtaylor@mslawpc.com

/S/ Craig A. Brand
**Craig A. Brand, Esq.**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| EAGLE SPRINGS ORGANIC LLC, et al. )<br>*Plaintiff* )<br>v. )<br>AES CLEAN ENERGY DEVELOPMENT, LLC )<br>)<br>*Defendant* ) | Civil Action No. 24-cv-02770-DDD-KAS |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AES MAMM CREEK SOLAR, LLC, a Delaware Limited Liability Company, by serving Corporation Service Company, Registered Agent, 1900 W. Littleton Blvd., Littleton, CO 80120

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached to this Subpoena to Produce....

| Place: The Brand Law Firm, P.A., 6462 S. Jamaica Circle, Englewood, Colorado 80111 | Date and Time:<br>10/08/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/17/2025

*CLERK OF COURT*

OR

_____          S/ CRAIG A. BRAND
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs,** EAGLE SPRINGS ORGANIC LLC and ACOMPANY, LLC , who issues or requests this subpoena, are:
Craig A. Brand, Esq., 6462 S. Jamaica Cir, Englewood, CO 80111, email: craig@thebrandawfirm.com Tel:305-878-1477

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-02770-DDD-KAS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "A" TO FED. R. CIV. P. 45 SUBPOENA FOR PRODUCTION ON NON-PARTY, AES MAMM CREEK SOLAR, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 24-cv-02770-DDD-KAS

EAGLE SPRINGS ORGANIC LLC; and
ACOMPANY LLC,

 Plaintiffs,

v.

AES CLEAN ENERGY DEVELOPMENT, LLC,

 Defendant and Third-Party Plaintiff,

v.

MCKINSTRY ESSENION, LLC;
And METCALF EXCAVATION, INC.

 Third-Party Defendants.
_____/

**EXHIBIT "A" TO FED. R. CIV. P. 45(a) SUBPOENA FOR PRODUCTION ON NON-PARTY, AES MAMM CREEK SOLAR, LLC**
_____

 You, AES MAMM CREEK SOLAR, LLC ("You" or "AES Mamm Creek") are directed to produce the following documents and electronically stored information ("ESI"). ESI should be produced in pdf format.

**THE FOLLOWING REQUESTS RELATE TO ANY AND ALL EVENTS RELATING TO ANY AND ALL OF THE FOLLOWING:**

 **A. Any application, including but not limited to the applications addendums, exhibits, maps, drawings, attachments, for land use permit to construct and operate solar facilities and solar energy purposes as referred to in section 5.1 of "article 5 use of the solar property" of the "solar lease and easement**

1

agreement" dated December 14, 2023, between Eagle Springs Organic, Llc, as lessor, and Aes Mamm Creek Solar, Llc, as lessee (the "ground lease"), and any amendments of such permit applications;

B. Construction of solar facilities on the real property described in the "ground lease;"

C. Any damage claim asserted by plaintiffs, Eagle Springs Organic, Llc And/Or Acompany, Llc, the plaintiffs in this case.

D. Any form K8 or SEC filings, as well as any and all reporting to AES Mamm Creek's parent company.

1.  Please produce each IRS Form W-2, IRS Form 1099 and any other IRS Form as well as any applicable State Department of Revenue filings <u>issued to each of the following persons</u> by and/or on behalf of AES Mamm Creek for the tax years ending December 31, 2023 and December 31, 2024 along with all evidence of payments, by any means, made by AES Mamm Creek, from January 1, 2025 to the date of your response, to this request to:

   a. Joshua Mayer;

   b. Ian Berg;

   c. Elliot "Jay" Muse; and/or

   d. Robert Warren.

2.  Any employment contract and/or other contract and/or memorandum of any business relationship in force at any time, from January 1, 2023, to the date of your response, to this Request between AES Mamm Creek and any of the following individuals:

   a. Joshua Mayer;

   b. Ian Berg;

2

      c. Elliot "Jay" Muse; and/or

      d. Robert Warren.

3. All documents and ESI <u>reflecting the name of the business entity making any payments</u>, in any manner, whatsoever at any time during the time period commencing January 1, 2023, to the date of your response to this Request, to any of the following persons <u>and for each person provide time records, invoices, third-party billings thereto</u>:

      a. Joshua Mayer;

      b. Ian Berg;

      c. Elliot "Jay" Muse; and/or

      d. Robert Warren.

4. All documents, emails, text messages, cloud based server communications, over internet communications, meeting minutes, ESI, photographs, audio and/or video recordings exchanged at any time between You and Joshua Mayer, Ian Berg, Elliot "Jay" Muse, and/or Robert Warren relating to any damage claimed to have suffered by EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC, at any time during the calendar year commencing January 1, 2024, which damage is claimed to have been caused during construction of the Solar Facilities and/or attempts to repair such damage.

5. All documents, emails, text messages, cloud based server communications, over internet communications, meeting minutes, ESI, photographs, audio and/or video recordings exchanged at any time between You and EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC, relating to any damage claimed and/or the participants or causation of these damages to have suffered by EAGLE SPRINGS ORGANIC, LLC

3

and/or ACOMPANY, LLC, at any time during the calendar year commencing January 1, 2024.

6. All documents, emails, text messages, cloud based server communications, over internet communications, meeting minutes, ESI, photographs, audio and/or video recordings exchanged at any time between You and EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC, relating to any damage claimed to have been caused during construction of the Solar Facilities and/or attempts to repair such damage upon the property belonging to EAGLE SPRINGS ORGANIC, LLC.

7. Any contract, Agreements and amendments and/or addenda thereto between AES Mamm Creek and McKinstry Essention, LLC which have been in force at any time from January 1, 2023, to the date of your response to this Request.

8. All documents, ESI, photographs, audio and/or video recordings relating to any damage claimed to have been suffered by EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC at any time during the calendar year commencing January 1, 2024, which damage is claimed to have been caused during construction of the Solar Facilities and/or attempts to repair such damage, including but not limited to damages to the subterranean irrigation system, water veins, water piping, irrigation pumps and plumbing.

9. Any insurance policy in your care, custody and/or control which you contend provides liability coverage to You, and/or McKinstry Essention, LLC, and/or Metcalf Excavation, Inc. for the damages claimed to have been suffered by EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC at any time during the calendar year commencing January 1, 2024, which damage is claimed to have been caused during construction of the Solar Facilities and/or attempts to repair such damage, including all

correspondence and/or communications (digital, through internet, U.S. Postal Service, or otherwise), with the insurance carrier's representative relating to any claim made relating to such damage and the carrier's response.

10. All documents, ESI, photographs, drawings, diagrams, digital descriptions, drone footage, audio and/or video recordings in your care, custody and/or control, including copies thereof, exchanged between METCALF EXCAVATION and (1) AES Mamm Creek Solar, LLC, and/or (2) McKinstry Essention, LLS, and/or (3) AES Clean Energy Development, LLC relating to the damages claimed to have been suffered by EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC at any time during the calendar year commencing January 1, 2024, which damage is claimed to have been caused during construction of the Solar Facilities and/or attempts to repair such damage.

11. All documents, ESI, photographs, drawings, diagrams, digital descriptions, drone footage, audio and/or video recordings in your care, custody and/or control, including copies thereof, exchanged between AES Mamm Creek Solar, LLC, and/or (1) McKinstry Essention, LLC, and/or (2) METCALF EXCAVATION, INC., and/or (3) AES Clean Energy Development, LLC relating to the damages claimed to have been suffered by EAGLE SPRINGS ORGANIC, LLC and/or ACOMPANY, LLC at any time during the calendar year commencing January 1, 2024, which damage is claimed to have been caused during construction of the Solar Facilities and/or attempts to repair such damage.

12. All documents and ESI reflecting the name of each member of AES Mamm Creek Solar, LLC, the percentage of membership interest held by the member, the, business and residence address of such member, and the location of each member's citizenship for jurisdictional purposes.

13. Provide any and all information, documentation, data (digital or otherwise), text messages, WhatsApp messages, voice recordings, emails, photographs, videos, maps, site plans, plans regarding liens placed or threatened upon the Plaintiffs (Eagle Springs) property since 2025.

14. Please produce your Incorporating documents including your initial internal operating agreement, articles of incorporation and by-laws.

15. Please produce the employee file as it relates to position held, jobs held, employment status such as W2 or 1099 and with whom is the listed employer of Joshua Mayer from January 1, 2023, to the date of your response, to this Request.

16. State your involvement, if any, in the Rancho Viejo Solar project in New Mexico, including producing any and all (full versions) contracts, agreements, evidence of involvement arising from or out of this project.

17. Should you have any involvement witih the New Mexico "Rancho Viejo Solar project", please provide all employee or 1099 retention agreements, documents, payroll records associated with Joshua Mayers.

18. Please provide documentation as to what and why Joshua Mayers was in New Mexico regarding the Rancho Viejo project before the Santa Fe County Planning Commission.

19. Provide any and all information, documentation, data (digital or otherwise), text messages, WhatsApp messages, voice recordings, emails, photographs, videos, maps, site plans, plans regarding the subterranean irrigation system, any and all written plans or guidelines or instructions as to how to handle and contend with the Plaintiff's subterranean irrigation system prior to and after the damage which occurred on Eagle

Springs property due to the breaks in the irrigation lines, include any and all contractors and sub-contractors who you retained as part of any corrective or curative action you took (directly or indirectly) in order to repair and/or replace Eagle Springs subterranean irrigation system (in whole or in part).

20. Provide any and all information, documentation, contracts, agreements, data (digital or otherwise), text messages, emails, WhatsApp messages, voice recordings, photographs, videos, maps, site plans, plans regarding the repair and/or replacement of Eagle Spring's (Plaintiff) subterranean irrigation system, in whole or in part, subsequent to the damage which occurred on Eagle Springs property due to the breaks in the irrigation lines.

21. Provide all evidence of repair and/or replacement, including invoices, contracts, third party contracts, maps, drawings, site plans, diagrams, documents, drawings, emails, text messages, WhatsApp messages, as to all subsequent remedial measures taken by You due to the breaks in the Eagle Springs irrigations system upon the land leased to You.